UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14013-CR-CANNON

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**KEVIN TERGLIAFERA**,

 Defendant.

_____/

**ORDER ADOPTING PRETRIAL DETENTION ORDER AND DENYING APPEAL**

 **THIS CAUSE** comes before the Court upon Defendant's Appeal of Magistrate Judge's Denial of Bond (the "Appeal") [ECF No. 39], filed on March 14, 2022.  The Court has carefully reviewed the Appeal, the transcript of the detention hearing [ECF No. 48], the Pretrial Detention Order [ECF No. 30], the Government's Response to the Appeal [ECF No. 47], and the full record.  Following that review, the Court determines that the Pretrial Detention Order's factual findings are supported, and that its legal conclusions are correct.  There is no condition or combination of conditions that reasonably would assure the safety of the community if Defendant is released pending trial.  The Court does not find there to be any unresolved factual issues that affect the validity of the Pretrial Detention Order's findings and conclusions or warrant further development.

 According to the Government's factual proffer read into the record at the detention hearing, Defendant admitted to law enforcement on the date of his arrest that (1) he distributed large quantities of methamphetamine in Polk County and elsewhere for at least the past six months; (2) he sold methamphetamine only to customers who were willing to buy at least 4 ounces at a time; and (3) "all of the methamphetamine and guns seized from his residence belonged to him"

[ECF No. 48 pp. 11–12]. The proffer further specified that law enforcement seized approximately 3 kilograms of methamphetamine, a bulletproof vest, and 26 firearms from Defendant's residence and also seized one ounce of methamphetamine and one loaded firearm from Defendant's person when he was arrested (for a total of 27 firearms) [ECF No. 39 p. 4; ECF No. 48 pp. 11–12]. Defendant acknowledges these "damning admissions to owning all of the firearms and controlled substances," but says that (1) his admissions may not be entirely true because he "did not or could not lead law enforcement to all the firearms"; (2) two other individuals who were arrested on the same day resided in a camper on the property and had access to his residence; (3) he is not prohibited from possessing firearms; and (4) the Government did not substantiate that one of the firearms was stolen or that he "brandished" a weapon during a controlled buy with a cooperating defendant (as opposed to "showing" the weapon to the cooperating defendant in a non-threatening manner) [ECF No. 39 pp. 4–5; *see* ECF No. 48 p. 25].

The Court has considered these arguments and does not find them to affect the Pretrial Detention Order's conclusion that no conditions of release would reasonably assure the safety of the community [ECF No. 30]. "The weight of the evidence at this point indicates that Defendant was distributing large amounts of methamphetamine for at least six months" and possessed a substantial quantity of firearms in furtherance of significant drug trafficking activity [ECF No. 30 p. 4]. That is ample justification to warrant detention based on danger in this case.[1]

---

[1] Whether one of the 27 firearms seized from Defendant and/or his residence was or was not stolen—or whether Defendant "showed" a firearm during a controlled buy versus "brandished" one—does not affect the validity of Magistrate Judge's detention order and does not warrant further factual development at this stage.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Appeal of Magistrate Judge's Denial of Bond [ECF No. 39] is **DENIED**.

2. Magistrate Judge Shaniek M. Maynard's Pretrial Detention Order [ECF No. 30] is **ADOPTED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 23rd day of March 2022

                                                **AILEEN M. CANNON**
                                                **UNITED STATES DISTRICT JUDGE**

cc: counsel of record