

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14013-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

LANCE RATTERREE,

Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Lance Ratterree (hereinafter referred to as the "Defendant" or "Ratterree"), together with his counsel, admit that the United States can prove the allegations contained in Count Five of the Indictment, which charges the Defendant with distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Count Six of the Indictment, which charges the Defendant with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

1

On November 23, 2021, a confidential human source ("CHS1") purchased approximately 62.91 grams of methamphetamine (actual) from Ratterree for $1,350.00 during a controlled buy that took place in the parking lot of a Burger King in Fort Pierce, Saint Lucie County, Florida. Law enforcement monitored this transaction "live" through audio and video monitoring and recording devices, which law enforcement provided to CHS1. Law enforcement maintained surveillance on CHS1 for the entire transaction.

At approximately 12:15 p.m., DEA Special Agent Randy Matschner and FBI/TFO Andrew Bolonka observed Ratterree arrive at the Burger King in a maroon Hyundai. Andrew Altuchoff ("Altuchoff") was driving the vehicle and Ratterree and Brittany Corona ("Corona") were passengers. Shortly thereafter, Altuchoff exited the vehicle and went inside the Burger King. Ratterree and Corona remained inside the vehicle. CHS1 pulled up next to the Hyundai and entered the rear of the vehicle. Ratterree then handed CHS1 the methamphetamine and CHS1 gave Ratterree the buy money. CHS1 exited the Hyundai and drove to a predetermined location and turned over custody of a plastic baggie that contained a clear rock-like substance to Detectives Osteen and Lopez. Lab results confirmed that the substance related to this controlled buy tested positive for 64.20 grams of methamphetamine with a purity level of 98%.

After the transaction took place, Altuchoff returned to the Hyundai and left the Burger King parking lot with Ratterree and Corona. A few minutes later, Saint Lucie County Sheriff's Office ("SLCSO") Detectives Daniel Tomaszewki and Chris Jadin stopped the vehicle and arrested Altuchoff, Ratterree, and Corona.

Detective Lopez obtained a state search warrant for the vehicle, which led to the seizure of approximately 76.36 grams of methamphetamine (actual) from the area where Ratterree was siting.

Lab results confirmed that the substance seized from the vehicle tested positive for 78.73 grams of methamphetamine with a purity level of 97%.

Agent Matschner and TFO Bolonka interviewed Ratterree at the SLCSO. In sum, Ratterree admitted he distributed the methamphetamine to CHS1. Ratterree claimed he was just the "delivery boy" and that he was handling the transaction for someone else. Ratterree advised that he intended to deliver the methamphetamine that was seized from the Hyundai to a female in Vero Beach.

Agent Matschner and TFO Bolonka also interviewed Corona at the SLCSO. In sum Corona admitted that she knew Ratterree sold methamphetamine and was aware he was traveling to the Burger King to sell three ounces of methamphetamine to CHS1.

Ratterree stipulates that he possessed the methamphetamine that was seized from the vehicle he was travelling in on November 23, 2021, with the intent to distribute same to another person. If this case had proceeded to trial, an expert would have testified that possession of 76.36 grams of methamphetamine (actual) is consistent with distribution and inconsistent with personal use.

The defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 5:** Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(viii):

(1) The defendant knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance;

(2) The defendant knew he was distributing methamphetamine; and

(3) The weight of the methamphetamine the defendant distributed was fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine.

**Count 6:** Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(viii):

(1) The defendant knowingly possessed methamphetamine, a Schedule II controlled substance;

(2) The defendant intended to distribute the methamphetamine he possessed; and

(3) The weight of the methamphetamine the defendant possessed was fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine.

The defendant and his attorney agree that the facts recited above meet these elements.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 6/22/2022

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/10/22

_____
LANCE RATTERREE
DEFENDANT

Date: June 22, 2022

_____
ROBERT WILLIAM STICKNEY
ATTORNEY FOR DEFENDANT

4